JOHN LEARNED *vs.* PATRICK RILEY.

Under Rev. Sts. *c.* 59, § 13, the voluntary acknowledgment of a deed might be taken by a justice of the peace out of his county.

GRAY, J. This is a petition for a writ of review of a judgment recovered by the respondent against the petitioner upon a writ of entry for the possession of land in Brighton in the county

of Middlesex. Both parties claim title under deeds from the same grantor. The deed to the respondent was executed and delivered on the 24th of August 1849, and is admitted to have conveyed a good title to the respondent as against the petitioner, unless the deed under which the latter claims, executed and delivered on the 31st of August 1849 without notice of the previous deed to the respondent, and recorded on the 1st of September 1849, before that deed was recorded, gave a better title. The only objection made by the respondent to this deed is that it purports by the certificate thereon to have been, and was in fact, acknowledged in Boston in the county of Suffolk, before a justice of the peace for the county of Middlesex. The question therefore is whether, under the general provision of the Rev. Sts. *c.* 59, § 13, that " the acknowledgment may be made before any justice of the peace in this state," and before the *St.* of 1863, *c.* 157, § 1, in terms authorized justices of the peace to take acknowledgments of deeds in any county, a justice of the peace might take a voluntary acknowledgment of a deed out of the county for which he was commissioned.

By the law of England, a justice of the peace could not out of his own county exercise judicial authority, or do any compulsory or coercive act, as to commit a person for crime, or imprison him for not giving a recognizance ; but he might take voluntary informations, examinations and recognizances in any county. Croke, J., in Cro. Car. 213. 1 Hale P. C. 581. 2 Hale P. C. 50, 51. 2 Hawk. *c.* 8, § 44. Bac. Ab. Justices of Peace, E. 5. The cases upon the acknowledgments of deeds in other states, so far as they have come to our notice, accord with this distinction. In Pennsylvania, the supreme court was of opinion that the separate examination of a married woman, which was essential by the laws of that state to the validity of a deed from her and her husband of her land, could not be taken by a justice of the peace out of his county, because such examination was a judicial act. *Share* v. *Anderson,* 7 S. & R. 63 *Watson* v. *Bailey,* 1 Binn. 470. On the other hand, the supreme court of New Hampshire expressed the opinion that a justice o the peace might take an ordinary acknowledgment of a deed

out of his county. *Odiorne* v. *Mason*, 9 N. H. 30. See also *Jackson* v. *Humphrey*, 1 Johns. 499. And in New Jersey it has been held that a statute authorizing "every justice of the peace of this state" to solemnize marriages, allowed every justice of the peace to do so in any county. *Pearson* v. *Howey*, 6 Halst. 12. The words of that statute of New Jersey were very like those used in the Rev. Sts. *c.* 59, § 13, and differed from those of our marriage act, by which the authority of a justice of the peace in that respect is limited to "the county for which he is appointed, when either of the parties resides in the same county." Rev. Sts. *c.* 75, § 16. Gen. Sts. *c.* 106, § 14.

We find nothing in the earlier statutes of Massachusetts, to which we were referred in the argument, to show that a voluntary acknowledgment of a deed must be made in the county in which the justice or other officer before whom it was to be taken resided, or for which he was appointed.

The colonial ordinance of 1640, (1 Mass. Col. Rec. 306,) as incorporated with some verbal changes in the revisions of 1660 and 1672, and thence printed in Anc. Chart. 86, required conveyances of real estate, of which the grantor remained in possession, to be "acknowledged before some magistrate," and recorded; and in case of the refusal of the grantor to make such acknowledgment, authorized "any magistrate to send for the party so refusing, and commit him to prison without bail or mainprise, until he shall acknowledge the same." The word "magistrates" in the time of the colony was not applied, as in later times, to the lowest judicial officers, but to the highest, and was only another name for the "assistants," as they were called in the charter, who with the governor and deputy governor made up the court of assistants, and, together with the freemen, the general court, and, after provision had been made for the election of deputies and the division of the general court into two houses, nearly corresponded to the council under the Province Charter, and had, besides their individual and collective judicial powers, functions analogous to those of the executive council and the senate under the constitution of this commonwealth. The "magistrates or assistants" were not chosen or

appointed by or for different counties or towns, but were elected by all the freemen of the colony; and the powers of each as a magistrate extended through the whole colony, except so far as expressly limited by the general court. The inferior judicial officers were called "commissioners," or, when sitting with a magistrate, "associates;" and neither the name nor the office of justice of the peace was introduced until after the Province Charter. Anc. Chart. 66–68, 88–94, 106–108, 728–733. *Pidge* **v.** *Tyler*, 4 Mass. 544, 545.

The Prov. St. of 9 W. III. *c.* 8 §§ 1, 2, required deeds to be acknowledged "before a justice of the peace," without express limit of county; but restricted the power of committing a grantor who refused to make such acknowledgment, to "any justice of the peace within the county where such grantor or vendor lives." Mass. Prov. Laws, (ed. 1726,) 88, 89; Anc. Chart. 304. That statute continued in force until the end of the Revolution, when the *St.* of 1783, *c.* 37, was passed, abolishing the power to commit without bail or mainprise, but making a like difference in the language of the two sections. By § 4, the acknowledgment might be "before a justice of the peace in this state, or before a justice of the peace or some other magistrate in some other of the United States of America, or in any other state or kingdom where the grantors or vendor may reside;" and by § 5, in case of the grantor's refusal to acknowledge, "any justice of the peace in the same county" where the lands lay might, after issuing a summons to the grantor, take the testimony of the subscribing witnesses to the execution of the deed.

The distinction is preserved in the Revised Statutes, under which this case arises, and which provide that "the acknowledgment may be made before any justice of the peace in this state, or before any justice of the peace, magistrate or notary public in the United States;" but upon the grantor's refusal to acknowledge the deed, it can be proved only before "any justice of the peace in the county where the land lies, or where the grantor or any subscribing witness to the deed resides." Rev Sts. *c.* 59, §§ 13, 16, 17. And so are the Gen. Sts. *c* 39, §§ 19

22, 23. The omission, in successive statutes, of any restriction to a particular county when speaking of the justice before whom the acknowledgment may be made, contrasted with the careful limitation subsequently inserted in each of the statutes, when providing a remedy or substitute in case of the grantor's refusal to acknowledge, is quite significant.

Taking the voluntary acknowledgment of a deed, under our statutes, is a purely ministerial, and not a judicial act, nor in any way connected with a judicial proceeding. It may be taken out of the Commonwealth by a notary public, who is in no sense a judicial officer. It involves no compulsion or summons of any person who does not appear of his own accord, and rarely, if ever, requires any investigation of the circumstances under which the deed was executed. Even in case of a refusal to acknowledge, the justice, as the law now stands, cannot exercise any coercion over the grantor, or inquire into the reasons of refusal, or receive any testimony to the execution, except from the subscribing witnesses. The provision of the statute, that " the acknowledgment may be made before any justice of the peace in this state," is not a grant or definition of jurisdiction in a judicial capacity, but a designation of the persons by either of whom the ceremony of acknowledgment may be witnessed and certified. *Worcester* v. *Eaton,* 13 Mass. 377. *Scanlan* v. *Wright,* 13 Pick. 528. *Farnum* v. *Buffum,* 4 Cush. 264. *Helier* v. *Hundred de Benhurst,* Cro. Car. 211 ; *S. C.* W. Jones, 239. The general principles of law, the nature of the act, and the language of the statute, all lead to the conclusion that any justice of the peace may take an acknowledgment of a deed in any county within the state.

Our attention has been called to the fact that in the first years after the adoption of the constitution of the Commonwealth the form of commission to a justice of the peace for a county, (differing from the form in use for the last thirty years, at least,) besides a particular enumeration of judicial duties to be performed within the county, contained this clause: " and to do and perform in the county aforesaid all and whatsoever, according to the laws and ordinances of the said commonwealth,

or any of them, a justice of the peace may and ought to do and perform." And the statutes conferring jurisdiction upon justices of the peace in civil and criminal cases expressly limit it to their respective counties. Rev. Sts. *c.* 85, §§ 1, 24. Gen. Sts. *c.* 120, §§ 1, 32, 36. But the English statutes and commissions contained similar words. 2 Hawk. *c.* 8, §§ 1–13. Yet this, as appears by the books already cited, did not prevent them from taking and certifying voluntary acts out of their county. The words of the commission cannot extend or diminish the powers made incident to their office or expressly conferred upon them by statute.

The court is therefore of opinion that the deed under which the petitioner claims title was duly acknowledged, and, having been taken without notice of the earlier deed to the respondent, and recorded before that deed was recorded, conveyed the better title. *Review granted.*

*T. P. Proctor & W. W. Warren,* for the petitioner.
*N. St. J. Green,* for the respondent.